IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW O'BRIEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| The CITY OF CHICAGO, CHICAGO | ) | |
| POLICE OFFICERS D. CASE Star # 317, | ) | |
| R. SCHURMAN, Star # 13751, | ) | |
| HANGGE UPPE, INC., and UNKNOWN | ) | |
| HANGGE UPPE, INC. EMPLOYEES, | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, MATTHEW O'BRIEN, by and through his attorneys, Smith, Johnson & Antholt, LLC, and complaining of the defendants CITY OF CHICAGO; CHICAGO POLICE OFFICERS D. CASE Star # 317, R. SCHURMAN, Star # 13751; HANGGE UPPE, INC., and UNKNOWN HANGGE UPPE, INC. EMPLOYEES, states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against Defendants for committing acts under color of law and depriving Plaintiff of rights secured by the Constitution and for tortuous conduct which violates the laws of the state of Illinois. Herein, Plaintiff brings claims for excessive force, false arrest, battery, malicious prosecution, and intentional infliction of emotional distress. Plaintiff asserts that the underlying policies and practices of the City of Chicago are the moving force behind his injuries.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, and § 1985; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a).

## PARTIES

3. Plaintiff is a citizen of the United States of America, who currently resides in Cook County, IL.

4. Defendants, Chicago Police Officers Case and Schurman (henceforth, referred to collectively as "Defendant Officers," were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

6. Defendants Unknown Hangge Uppe, Inc. Employees, were, at the time of this occurrence, employed by Hangge Uppe, Inc. They engaged in the conduct complained of while employed and working on behalf of Hangge Uppe, Inc. and in the course and scope of their employment. They are sued in their individual capacities.

7. Defendant Hangge Uppe, Inc. is an Illinois limited liability company, duly incorporated under the laws of the State of Illinois.

**BACKGROUND**

8. On September 7, 2013, Matthew O'Brien went out for dinner and dancing with his good friend Naomi Wilford.

9. At some time near 2:00 a.m. on September 9, 2013, Matthew and Naomi entered the Hangge Uppe Bar on 15 West Elm Street, Chicago, to continue dancing.

10. To end the evening Matthew and Naomi ordered two lemon drop shots.

11. However, after seeing the bartender pour mix from a plastic container, Matthew and Naomi indicated that did not want a pre-mixed drink.

12. Matthew and Naomi informed the bartender that they would not accept the lemon drops and that they would leave the bar.

13. As they walked towards the exit, a Hangge Uppe employee grabbed Matthew by the neck, yanking and slamming him into a wall and then into the alley behind the bar.

14. Naomi joined Matthew in the alley, immediately afterward.

15. After the battery, Matthew called 911 and requested police assistance.

16. Chicago law enforcement, including Lt. Case who was already in the area, arrived several minutes later.

17. Lt. Case and his men were regularly assigned to patrol the area of the Hangge Uppe Bar.

18. Outside the Hange Uppe Bar, an Unknown Hangge Uppe Employee, had a conversation with Lt. Case and his team.

19. Naomi asked Defendant Officers to interview witnesses and to take a battery report from Matthew.

20. Naomi told the Defendant Officers that the bar's surveillance cameras likely recorded what had happened inside.

21. Matthew O'Brien also asked to give the Defendant Officers a battery report.

22. Lt. Case and the other officers refused to document what had happened.

23. Lt. Case and the other officers refused to collect the video evidence of what had happened.

24. Lt. Case and the other officers refused to interview any third party witnesses.

25. After the officers left, Naomi and Matthew called 911, to make sure that information regarding Matthew's battery was memorialized.

26. After each call to 911, the dispatchers instructed Matthew and Naomi to wait for an officer or supervisor near the Hangge Uppe.

27. Finally, roughly an hour after the incident, a dispatcher told Matthew to walk to the main street and wait for an officer.

28. When Matthew was on State Street walking towards Division Avenue he saw Lt. Case slowly drive by.

29. Lt. Case signaled to Matthew, turned onto Division Avenue and parked his car.

30. Matthew turned the corner and approached Lt. Case who was now standing outside of his car.

31. Matthew told Lt. Case that he wished to make a report.

32. Because Matthew wanted to have some record of his attempt to make a report, Matthew indicated to Lt. Case that he would like to record their conversation.

33. As he approached, Matthew held out his cell phone so that Lt. Case could clearly

see it.

34. Matthew did not start recording

35. Lt. Case said "You can't do that," and grabbed Matthew's phone.

36. The 6'2", 300 pound Lieutenant then punched Matthew in the face.

37. Lt. Case hit him with full force.

38. Matthew, who weighed no more than 150 pounds, dropped to the ground in an unconscious heap.

39. Matthew's injuries were so severe that he was kept in the neurological intensive care unit at Northwestern Memorial Hospital for days.

40. It took weeks for Matthew to walk properly again.

41. In an effort to cover-up his extreme misconduct, Lt. Case had Matthew charged with battering him.

42. Defendant Officers created false and incomplete reports regarding what happened on September 8, 2013.

43. Defendant Officers testified against Matthew during the criminal trial which took place on March 18 and 19, 2014.

44. On March 19, 2014 a jury found Matthew not guilty.

### Count I – 42 U.S.C. Section 1983
### Fourth Amendment – Excessive Force

45. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

46. The actions of Defendant Case, as detailed above, constitutes unreasonable, unjustifiable, and excessive force against Plaintiff; thus, violating Plaintiff's rights under the Fourth Amendment to the United States Constitution.

47. As a proximate result of the above-detailed actions of Defendant Case, Plaintiff suffered injuries including pain and suffering, emotional distress and mental anguish.

## Count II – 42 U.S.C. Section 1983
## Fourth Amendment -- Illegal Seizure and False Arrest

48. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

49. The seizure and arrest of the Plaintiff; performed willfully, wantonly and unreasonably by Defendant Case, as detailed above, was in violation of plaintiff's right to be free of unreasonable seizure and false arrest under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

50. As a proximate result of the above-detailed actions of Defendant Case, Plaintiff suffered injuries including pain and suffering, emotional distress and mental anguish.

## Count III: Illinois Malicious Prosecution

51. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

52. As stated above, the Defendant Officers caused criminal proceedings against Plaintiff to be commenced and continued with malice, without probable cause, and knowing that Plaintiff was not guilty of the crime for which he had been charged.

53. Plaintiff was acquitted of all charges in a manner indicative of Plaintiff's innocence, which fully and finally terminated the case in Plaintiff's favor.

54. As a result of the Defendants' conduct, Plaintiff suffered injury including but not limited to emotional distress.

## Count IV: Illinois Intentional Infliction of Emotional Distress

55. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

56. The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

57. All Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the Plaintiff or with knowledge of the high probability that the conduct would cause such distress.

58. As a direct and proximate result of this conduct, Plaintiff did in fact suffer severe emotional distress, resulting in injury.

59. The City and the Hangge Uppe, Inc. are sued in this Count pursuant to the doctrine of respondeat superior, in that defendants performed the actions complained of while on duty and in the employ of defendant City and/or defendant Hangge Uppe, Inc. and while acting within the scope of this employment.

### Count V: Illinois Battery Against the Hangge Uppe, Inc.

60. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

61. By the actions detailed above, Defendants, the Unknown Hangge Uppe, Inc. Employees intentionally made offensive bodily contact against Matthew O'Brien and inflicted bodily harm to Matthew O'Brien.

62. By the actions detailed above, Defendants, the Unknown HANGGIE UPPIE Employees, committed battery with the intent of inflicting physical harm to Plaintiff and Plaintiff was physically harmed.

63. As a direct and proximate result of the battery, Matthew O'Brien was injured.

64. Hangge Uppe, Inc. is sued in this Count pursuant to the doctrine of respondeat superior, in that the Unknown Hangge Uppe, Inc. defendants performed the actions complained

of while on duty and in the employ of defendant Hangge Uppe, Inc., and while acting within the scope of this employment.

### Count VI: Illinois Battery against Defendant Case

65. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

66. By the actions detailed above, Defendant Case intentionally made offensive bodily contact against Matthew O'Brien and inflicted bodily harm to Matthew O'Brien.

67. By the actions detailed above, Defendant Case committed battery with the intent of inflicting physical harm to Plaintiff and Plaintiff was physically harmed.

68. As a direct and proximate result of the battery, Matthew O'Brien was injured.

69. Defendant City of Chicago, is sued in this Count pursuant to the doctrine of respondeat superior, in that the Defendant Case performed the actions complained of while on duty and in the employ of Defendant City of Chicago, and while acting within the scope of his employment.

### Count VI
### 745 ILCS 10/9-102 – Indemnification – City of Chicago

70. Plaintiff realleges each of the foregoing paragraphs as if fully set forth herein.

71. Defendant City of Chicago is the employer of Defendants Case and Schurman

72. Defendants Case and Schurman committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Chicago.

73. Should Defendant Officers be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for compensatory damages and because these defendants acted maliciously, wantonly, or oppressively, punitive damages against the individual Defendants in their individual capacities plus the costs of this action and attorney's fees, and for such other and additional relief as this court deems equitable and just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

                                        Respectfully submitted,

                                        /s/ Christopher Smith
                                        Attorneys for Plaintiff

Christopher Smith
Amanda Antholt
Robert Johnson
James Baranyk
Emily Stine
Smith, Johnson & Antholt, LLC
One North LaSalle, Suite 3040
Chicago, IL 60602
312.432.0400